# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Casimiro Venegas,

    Petitioner

v.

Warden Williams, *et al.*,

    Respondents

Case No.: 2:23-cv-00298-JAD-BNW

**Order Granting in Part and Denying in Part Respondents' Motion to Dismiss**

[ECF No. 11]

Casimiro Venegas brings this pro se habeas petition to challenge his Nevada state convictions arising out of a 2016 convenience-store robbery, home invasion, and axe attack,[1] arguing that his trial counsel was ineffective and that he was unfairly prejudiced by certain trial testimony.[2] Respondents move to dismiss Venegas's claims as duplicative, conclusory, or not cognizable on federal habeas review.[3] Having carefully reviewed the petition, I find that grounds 1(A) and 1(C) are duplicative of other claims and that Venegas's Sixth Amendment claim in ground 2 does not state a federal habeas claim, so I dismiss those claims. Venegas's petition thus proceeds to merits review on grounds 1(B), 1(D), and 3, and respondents have until March 31, 2024, to file their answer.

---

[1] ECF No. 7; Eighth Judicial District Court Case No. C-16-313118-1.
[2] ECF No. 7.
[3] ECF No. 11.

**Background**

A jury convicted Venegas in March 2017 of thirteen counts stemming from the robbery of a 7-Eleven store in Las Vegas and, shortly after, the robbery and beating of a man in his home.[4]  The state district court sentenced Venegas to an aggregate term of 22–55 years.[5]  The Nevada Court of Appeals affirmed his convictions in October 2018.  The denial of his state postconviction habeas corpus petition was affirmed in August 2022.[6]

Venegas dispatched his federal habeas petition under 28 U.S.C. § 2254 in February 2023.  He alleges three grounds for relief:

Ground 1: (A) Trial counsel was ineffective by failing to investigate and interview witnesses;

(B) The state district court admitted unfairly prejudicial trial testimony;

(C) The prosecutor improperly shifted the burden of proof;

(D) Cumulative error violated his constitutional rights.

Ground 2: Trial counsel was ineffective by failing to investigate and interview witnesses.

Ground 3: The prosecutor improperly shifted the burden of proof.[7]

Respondents move to dismiss grounds 1(A), 1(B), 1(C) and 2.[8]  They argue that ground 1(A) is duplicative of ground 2, and ground 1(C) is duplicative of ground 3, so the duplicative

---

[4] *See, e.g.*, ECF No. 11 at 1–2; Exh. 24.  Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 11, and are found at ECF Nos. 12–13.

[5] Exh. 31.

[6] Exhs. 47, 91.

[7] ECF No. 7 at 3–7.

[8] ECF No. 11.

portions of ground 1 should be dismissed. They add that grounds 1(A) and 2 are too conclusory to permit their review, and ground 1(B) is not cognizable in federal habeas because the evidence it challenges did not render Venegas's trial fundamentally unfair. Venegas opposes the motion.[9]

## Discussion

**A.   Grounds 1(A) and 1(C) are duplicative of grounds 2 and 3.**

A review of Venegas's petition quickly reveals that he has set forth duplicative claims for relief. Ground 1(A) is repeated in ground 2, so I dismiss ground 1(A). And ground 1(C) is repeated in ground 3, so I dismiss ground 1(C).

**B.   Ground 2 fails to state a cognizable claim for federal habeas relief.**

In ground 2, Venegas argues that his trial counsel was ineffective in violation of his Sixth Amendment rights by failing to investigate his case and interview witnesses.[10] Respondents urge the court to dismiss this claim as bare and conclusory.[11] In federal habeas proceedings, notice pleading is not sufficient; high-level and conclusory allegations that federal rights were violated, without specific details, cannot state a basis for federal habeas relief.[12] The court may summarily dismiss a claim if based on allegations that are "vague, conclusory, palpably incredible, patently frivolous or false."[13]

Venegas states that his counsel failed to present a defense or contradictory evidence and failed to investigate and interview witnesses. But he does not offer any theory of defense or identify any such contradictory evidence. He doesn't explain what trial counsel failed to

---

[9] ECF No. 17. The motion is fully briefed. *See also* reply at ECF No. 18.
[10] ECF No. 7 at 5.
[11] ECF No. 11 at 3–4.
[12] *Mayle v. Felix*, 545 U.S. 644, 655 (2005).
[13] *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (internal citations omitted); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

investigate or identify any witnesses that trial counsel failed to interview, let alone how they would have testified. The Nevada Court of Appeals rejected this "bare" claim because Venegas "failed to explain what the results of a better investigation would have been and how they would have affected the outcome of the proceedings."[14] And for the same reasons, I dismiss ground 2 as vague and conclusory.

**C.    The court defers consideration of ground 1(B) until merits review.**

Finally, respondents argue that ground 1(B)—that the trial court erred in admitting unfairly prejudicial testimony—must be dismissed as noncognizable on federal habeas review.[15] Such an argument speaks to the narrow nature of the federal court's power to provide habeas relief. A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States.[16] Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus.[17] With an evidentiary question, the court must evaluate whether the contested evidence was relevant to an essential element of the state's case and then considers whether its admission rendered the trial fundamentally unfair.[18] A petitioner may not transform a state-law issue into a federal one merely by asserting a violation of due process.[19] Alleged errors in the interpretation or application of state law do not warrant habeas relief.[20]

---

[14] Exh. 116 at 5.
[15] ECF No. 11 at 4–5.
[16] 28 U.S.C. § 2254(a).
[17] *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).
[18] *McKinney v. Rees*, 993 F.2d 1378, 1380 (9th Cir. 1993), as amended (June 10, 1993).
[19] *Langford v. Day*, 110 F.3d 1380, 1381 (9th Cir. 1996).
[20] *Hubbart v. Knapp*, 379 F.3d 773, 779–80 (9th Cir. 2004).

Venegas claims in ground 1(B) that the testimony of the child witnesses at his trial was unfairly prejudicial in violation of his Fourteenth Amendment right to a fair trial.[21] The children in question and their mother lived with Javier Colon, the victim whom Venegas robbed and beat with an axe in his home. The children testified at trial regarding what they heard during the incident.[22] Venegas asserts that the children "cried throughout as each repeated details told them by their mother."[23] Respondents argue that the evidence at issue did not render Venegas's trial fundamentally unfair.[24] But as Venegas points out, respondents also concede that this claim may be more suited to merits review.[25] So I defer my analysis of ground 1(B) until the merits adjudication.

## Conclusion

IT IS THEREFORE ORDERED that respondents' motion to dismiss **[ECF No. 11] is GRANTED in part and denied in part:**

- Grounds 1(A) and 1(C) are DISMISSED as duplicative.
- Ground 2 is DISMISSED for failure to state a claim.
- Grounds 1(B), 1(D) and 3 will be considered on their merits.

IT IS FURTHER ORDERED that **respondents have until March 31, 2024, to file an answer** to petitioner's remaining grounds for relief. The answer must contain all substantive and procedural arguments for all surviving grounds of the petition and comply with Rule 5 of the

---

[21] ECF No. 7 at 3.
[22] *See e.g.*, Exh. 47 at 4–5.
[23] ECF No. 7 at 3.
[24] ECF No. 11 at 5.
[25] *Id.*; ECF No. 17 at 3.

Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254. Petitioner will then have 30 days from the date of service of respondents' answer to file a reply.

_____
U.S. District Judge Jennifer A. Dorsey
January 31, 2024