UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Casimiro Venegas, | Case No.: 2:23-cv-00298-JAD-BNW |
| Petitioner | |
| v. | **Order Denying Motion for Appointment of Counsel, Denying Application to Appeal *In Forma Pauperis* and Denying Motion to Clarify** |
| Warden Williams, *et al.*, | |
| Respondents | [ECF Nos. 29, 30, 33] |

In his *pro se* 28 U.S.C. § 2254 petition for writ of habeas corpus, Casimiro Venegas challenges his Clark County, Nevada conviction on 13 counts including attempted murder, robbery, and battery with use of a deadly weapon,[1] all stemming from the robbery of a 7-Eleven store in Las Vegas and, shortly after, the robbery and beating of a man in his home.[2] The state district court sentenced Venegas to 22–55 years in prison.[3]

Venegas has filed a second motion for appointment of counsel.[4] As I've previously explained, there is no constitutional right to appointed counsel for a federal habeas corpus proceeding.[5] An indigent petitioner may request appointed counsel to pursue that relief.[6] The decision to appoint counsel is generally discretionary.[7] However, counsel must be appointed if

---

[1] ECF No. 7; Eighth Judicial District Court Case No. C-16-313118-1.

[2] *See, e.g.*, ECF No. 11 at 1-2.

[3] ECF No. 7 at 2.

[4] ECF No. 29.

[5] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)).

[6] 18 U.S.C. § 3006A(a)(2)(B).

[7] *Id*. (authorizing appointed counsel when "the interests of justice so require").

the complexities of the case are such that denial of counsel would amount to a denial of due process or if the petitioner has such limited education that he is incapable of fairly presenting his claims.[8]

I denied Venegas' first motion because, while Venegas is serving a lengthy sentence, he sets forth his claims clearly and they do not appear to be particularly complex. Venegas also has navigated filing an opposition to respondents' motion to dismiss, which also tends to demonstrate that he is capable of fairly presenting his claims and arguments. Venegas has presented his remaining three claims clearly in his petition, and he also now has the opportunity to file a reply to respondents' answer on those claims.[9] So I remain unpersuaded that counsel is warranted in this case.

Venegas has also filed a motion to clarify, which appears to be an inquiry about the status of this case.[10] He now has a final opportunity to file a reply to the answer, in which he can argue that he is entitled to relief on his remaining three claims. So I deny that motion as moot. I also deny his application to proceed *in forma pauperis* on appeal[11] as moot because I have not yet entered an order from which Venegas can appeal.[12]

IT IS THEREFORE ORDERED that

- Petitioner's motion for appointment of counsel **(ECF No. 29) is DENIED**;

---

[8] *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

[9] ECF No. 7 at 3, 7. Venegas's remaining claims are 1(B)( the state district court admitted unfairly prejudicial trial testimony), 1(D) (cumulative error violated Venegas's constitutional rights), and 3 (the prosecutor improperly shifted the burden of proof).

[10] ECF No. 33.

[11] ECF No. 30.

[12] *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (an interlocutory order denying a motion for appointment of counsel in habeas proceedings is not appealable).

- Petitioner's motion for leave to proceed *in forma pauperis* on appeal **(ECF No. 30) is DENIED**;

- Petitioner's motion to clarify **(ECF No. 33) is DENIED** as moot; and

- **Petitioner has until October 1, 2024, to file any reply in support of his petition**.

_____
U.S. District Judge Jennifer A. Dorsey
August 5, 2024
